■ MARILYN BUDZANOSKI, Appellant, v PFIZER, INC., Respondent. [664 NYS2d 796] —Judgment, Supreme Court, New York County (Lorraine Miller, J.), entered December 24, 1996, dismissing the complaint, and bringing up for review an order of the same court and Justice, entered December 23, 1996, which, in an action by plaintiff employee against defendant employer for retaliatory discharge, granted defendant's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of plaintiff and for judgment in its favor as a matter of law, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Given the jury's finding, amply supported by the evidence, that plaintiff's transfer was not in retaliation for her complaint that age and race discrimination were the reasons she had been denied a promotion to the position of Director of defendant's Equal Opportunity Affairs Unit, the fact that plaintiff's discrimination complaint preceded by some two years her termination from defendant's employ, during which time she received salary increases, and the ample evidence of plaintiff's insubordination to her supervisors after her transfer, there is no valid line of reasoning and permissible inferences that could possibly have led to the conclusion that defendant had a "subjective retaliatory motive" for terminating plaintiff (*Matter of Pace Univ. v New York City Commn. on Human Rights*, 85 NY2d 125, 128). We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Williams and Andrias, JJ.