■ In the Matter of C. CLAIRE EDINBORO, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [734 NYS2d 173] —Determination of respondent Commissioner of the State Division of Human Rights, dated April 6, 2000, which dismissed petitioner's claims under the New York State Human Rights Law against respondent Metropolitan Life Insurance Company, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alice Schlesinger, J.], entered September 29, 2000), dismissed, without costs.

Contrary to respondent Metropolitan Life's contention, the petition was timely. Nonetheless, the petition should be dismissed since our review of the record discloses that the Commissioner's findings, that petitioner was not subjected to sexual harassment and that respondent met its burden to demonstrate non-discriminatory reasons for petitioner's termination, were supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). There is no basis to disturb the administrative tribunal's determination rejecting petitioner's testimony respecting sexual comments by her co-workers (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). The Commissioner's finding that respondent Metropolitan Life met its burden to demonstrate non-discriminatory reasons for petitioner's termination was supported by testimony and documentation establishing that petitioner was terminated for insubordination, inability to get along with her co-workers and lateness (*see, Budzanoski v Pfizer, Inc.*, 245 AD2d 72). Concur—Nardelli, J. P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.