MARK A. TAYLOR, Appellant, v NEW YORK UNIVERSITY MEDICAL CENTER et al., Respondents. [776 NYS2d 474]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered on or about January 10, 2003, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Four years after plaintiff filed a civil lawsuit against defendants, his former employers, for discrimination in the workplace, his more recent employment relationship with MSB Strategies was terminated, allegedly on the heels of a communication between defendant Johnson and his boss at MSB. Defendants aver that plaintiff was fired by MSB after they brought to MSB's attention a conflict of interest involving plaintiff's call for an

investigation of a project in which MSB and defendants were jointly engaged.

The causal connection between the protected activity (filing a discrimination lawsuit in 1998) and the most recent allegedly retaliatory firing by MSB is too tenuous because of the lapse in time between the two events (*see Budzanoski v Pfizer*, 245 AD2d 72 [1997]). There is no cognizable causal connection since defendants' actions were motivated at least in part by legitimate factors and would have occurred anyway (*see Forrest v Jewish Guild for Blind*, 309 AD2d 546 [2003], *lv granted* 1 NY3d 506 [2004]). The claim for tortious interference with business relations must fall because plaintiff cannot show that defendants used wrongful means or acted solely to harm him (*Snyder v Sony Music Entertainment*, 252 AD2d 294 [1999]). Concur— Tom, J.P., Andrias, Williams and Gonzalez, JJ.